**WO**                                                                                                          JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Meilinda Irsan,                              )   No. CV 08-1450-PHX-MHM (MHB)
                                             )
       Petitioner,                     )   **ORDER**
                                             )
vs.                                          )
                                             )
                                             )
Katrina Kane, et al.,                        )
                                             )
       Respondent.                     )
                                             )
_____)

        Petitioner Meilinda Irsan (A95-296-550), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) and a Motion for Preliminary Injunction (Doc. #5). The Court will require Respondents to answer the Petition and respond to the Motion for Preliminary Injunction.[1]

**I.     Petition for Writ of Habeas Corpus**

        Petitioner is a native and citizen of Indonesia. On May 5, 2003, an Immigration Judge (IJ) denied her applications for asylum, withholding of removal and for protection under the Convention Against Torture. The IJ granted Petitioner sixty days within which to voluntarily

---

[1] Petitioner seeks a stay of removal pending resolution of her Petition. She alleges that she will be removed from the United States as soon as Immigration and Customs Enforcement (ICE) obtains travel documents for her. But Petitioner does not claim that she will be removed before Respondents can be heard in this matter and she does not seek a temporary restraining order without notice to Respondents.

1  depart from the United States. Petitioner thereafter retained an attorney, Mr. Reed, to
2  represent her on her appeal to the Board of Immigration Appeals (BIA). Mr. Reed filed a
3  timely notice of appeal with the BIA, but died before filing a brief and before the deadline
4  for Petitioner's brief had expired. Mr. Reed had arranged for Mr. Sterwerf to assume
5  Petitioner's case. In late August of 2004, Mr. Sterwerf's assistant informed Petitioner that
6  the BIA had denied her appeal on August 9, 2004, but apparently did not tell her that the BIA
7  had granted her thirty days to voluntarily depart from the United States. Petitioner alleges
8  that on August 28, 2004, she retained Mr. Sterwerf to represent her before the United States
9  Court of Appeals for the Ninth Circuit.

10  On September 10, 2004, two days after the thirty-day deadline had run, Mr. Sterwerf
11  filed a petition for review with the Ninth Circuit. On November 22, 2004, the Ninth Circuit
12  dismissed Petitioner's petition for review for lack of jurisdiction. Petitioner alleges that Mr.
13  Sterwerf failed to inform her that her that her petition for review had been denied. Instead,
14  Petitioner alleges that during the four years after the Ninth Circuit dismissed her petition for
15  review, Mr. Sterwerf's office continued to tell Petitioner that her petition was still pending
16  in the Ninth Circuit. During those years, Petitioner married a lawful permanent resident of
17  the United States and gave birth to a United States citizen daughter.

18  On July 8, 2008, Petitioner was taken into custody by ICE. Petitioner then learned
19  that her case had been dismissed by the Ninth Circuit in 2004. On July 8, 2008, Petitioner's
20  husband informed Mr. Sterwerf that Petitioner had retained new counsel. Petitioner alleges
21  that on July 9, 2008, without her authorization, Mr. Sterwerf filed a motion to reopen with
22  the BIA. On July 23, 2008, Petitioner's new counsel also filed a motion to reopen with the
23  BIA based on Mr. Sterwerf's alleged ineffective assistance of counsel.

24  Petitioner argues that Mr. Sterwerf deprived her of her right to seek review in the
25  Ninth Circuit in violation of her Fifth Amendment due process right to effective assistance
26  of counsel in immigration proceedings. She seeks an order directing the BIA to reissue its
27  August 9, 2004 decision denying her applications for asylum and withholding of deportation.
28  /////

**TERMPSREF**                                           - 2 -

1   **II.     Jurisdiction**

2   Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005),
3   the district courts no longer have habeas corpus jurisdiction to review a final order of
4   removal. 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law . . ., including
5   section 2241 of Title 28, or any other habeas corpus provision, . . a petition for review filed
6   with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial
7   review of an order of removal . . . ."); Iasu v. Smith, 511 F.3d 881, 888 (9th Cir. 2007) (after
8   the effective date of the REAL ID Act, a "district court plainly lack[s] habeas jurisdiction"
9   to review removal orders).  But success on Petitioner's claim that her attorney provided her
10  with ineffective assistance of counsel by failing to timely file a petition for review with the
11  Ninth Circuit does not challenge the merits of a removal order. Success on that claim would
12  not undermine the merits of an order of removal – it would only entitle Petitioner to an order
13  directing the BIA to reenter its order dismissing her appeal, thereby restarting the thirty-day
14  deadline for filing a petition for review with the Ninth Circuit. Singh v. Gonzales, 499 F.3d
15  979 (9th Cir. 2007). The REAL ID Act therefore does not deprive this Court of jurisdiction
16  to consider Petitioner's claim for relief. See Id., at 980. Accordingly, the Court will require
17  Respondents to answer the Petition.

18  **IT IS ORDERED:**

19  (1)    The Clerk of Court must serve a copy of the Summons, Petition (Doc. #1),
20  Motion for Preliminary Injunction (Doc. #5), and this Order upon the United States Attorney
21  for the District of Arizona by certified mail addressed to the civil process clerk at the office
22  of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil
23  Procedure. The Clerk of Court also must send by certified mail a copy of the Summons,
24  Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and
25  to Respondents pursuant to Rule 4(i)(2)(A).

26  (2)    Respondents must answer the Petition within 20 days of the date of service.
27  Petitioner may file a reply within 20 days of service of Respondents' answer.
28  ////

1   (3) Respondents must respond to Petitioner's Motion for Preliminary Injunction as soon as possible, but no later than Monday, August 25, 2005. Petitioner may file a reply within 5 days of Respondents' response.

**(4) If Respondents intend to remove Petitioner from the United States prior to the Court's disposition of this matter, Respondents must file a "Notice of Intent to Remove" and serve a copy on Petitioner within such time as is reasonable and sufficient to allow Petitioner to file a motion for temporary restraining order.**

(5) The Clerk of Court must forthwith fax a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Cynthia Parsons at (602) 514-7760, and to District Counsel Patricia Vroom at (602) 744-2400.

(6) Except for the Motion for Preliminary Injunction (Doc. #5), which will remain pending before this Court, this matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 13th day of August, 2008.

_____
Mary H. Murguia
United States District Judge