IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meilinda Irsan,<br><br>          Petitioner,<br><br>vs.<br><br>Katrina Kane, et al.,<br><br>          Respondents. | CIV-08-1450-PHX-MHM (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

      Petitioner Meilinda Irsan (A95-296-550), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1). Petitioner is a native and citizen of Indonesia. On May 5, 2003, an Immigration Judge (IJ) denied her applications for asylum, withholding of removal and for protection under the Convention Against Torture. The IJ granted Petitioner sixty days within which to voluntarily depart from the United States.

      Petitioner thereafter retained an attorney, Mr. Reed, to represent her on appeal to the Board of Immigration Appeals (BIA). Mr. Reed filed a timely notice of appeal with the BIA, but died before filing a brief and before the deadline for Petitioner's brief had expired. Mr. Reed had arranged for Mr. Sterwerf to assume Petitioner's case.

      In late August of 2004, Mr. Sterwerf's assistant informed Petitioner that the BIA had denied her appeal on August 9, 2004, but apparently did not tell her that the BIA had granted

1  her thirty days to voluntarily depart from the United States. Petitioner alleges that on August
2  28, 2004, she retained Mr. Sterwerf to represent her before the United States Court of
3  Appeals for the Ninth Circuit.
4        On September 10, 2004, two days after the thirty-day deadline had run, Mr. Sterwerf
5  filed a petition for review with the Ninth Circuit. On November 22, 2004, the Ninth Circuit
6  dismissed Petitioner's petition for review for lack of jurisdiction. Petitioner alleges that Mr.
7  Sterwerf failed to inform her that her petition for review had been denied. Instead, Petitioner
8  alleges that during the four years after the Ninth Circuit dismissed her petition for review,
9  Mr. Sterwerf's office continued to tell Petitioner that her petition was still pending in the
10 Ninth Circuit. During those years, Petitioner married a lawful permanent resident of the
11 United States and gave birth to a daughter – who is a United States citizen.
12       On July 8, 2008, Petitioner was taken into custody by ICE. Petitioner then learned
13 that her case had been dismissed by the Ninth Circuit in 2004. On July 8, 2008, Petitioner's
14 husband informed Mr. Sterwerf that Petitioner had retained new counsel. Petitioner alleges
15 that on July 9, 2008, without her authorization, Mr. Sterwerf filed a motion to reopen with
16 the BIA. On July 23, 2008, Petitioner's new counsel also filed a motion to reopen with the
17 BIA based on Mr. Sterwerf's alleged ineffective assistance of counsel.
18       Petitioner argues that Mr. Sterwerf deprived her of her right to seek review in the
19 Ninth Circuit in violation of her Fifth Amendment due process right to effective assistance
20 of counsel in immigration proceedings. She seeks an order directing the BIA to re-issue its
21 August 9, 2004 decision denying her applications for asylum and withholding of deportation.
22       On September 22, 2008, Petitioner filed a Motion to Dismiss her habeas petition. In
23 her Motion, Petitioner states that subsequent to the filing of her habeas petition, Respondents
24 released her from custody, and the BIA re-issued its decision sustaining the IJ's denial of her
25 applications for relief from removal. Since the relief requested has been granted, Petitioner
26 suggests that her habeas petition is now moot.
27
28

On September 23, 2008, Respondents filed their Response to Petitioner's Motion to Dismiss. Respondents concur with Petitioner's Motion and agree that Petitioner's habeas petition is moot and should, therefore, be dismissed without prejudice.

Accordingly, in light of the fact that the relief requested in Petitioner's habeas petition has been granted, and both parties agree that the habeas petition is now moot and should, therefore, be dismissed without prejudice, the Court will recommend that Petitioner's Petition for a Writ of Habeas Corpus be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Dismiss (Doc. #27) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) be **DISMISSED** as moot and without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 26th day of September, 2008.

_____
Michelle H. Burns
United States Magistrate Judge